THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. _____ |
| v. | )<br>)<br>) |
| NWI HEATING AND AIR SOLUTIONS LLC, and NWI HEATING AND AIR LLC, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

NOW COME Plaintiffs, TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN (the "Fund"), by and through their undersigned attorneys, and complain of Defendants, NWI HEATING AND AIR SOLUTIONS LLC, an Indiana Limited Liability Company, and NWI HEATING AND AIR LLC, an Indiana Limited Liability Company, as follows:

## NATURE OF THE CASE

1. This action is brought under the provisions of Sections 502(g)(2), 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145 to compel compliance with a requested audit pursuant to applicable collective bargaining agreements and plan documents.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Jurisdiction in this Court is also based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(e)(2), which state in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

4. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5. Venue is proper in this District under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered, the breach took place, and the Defendants reside or resided within this District.

## PARTIES

6. Plaintiffs, TRUSTEES OF THE SHEET METEAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, are Trustees of a multiemployer "employee benefit plan" as defined under Section 3(3) of ERISA, 29 U.S.C § 1002(3).

7. The Trustees of the Fund are fiduciaries for the Fund within the meaning of 29 U.S.C. § 1132(e)(1).

8. The Fund is a Taft-Hartley Fund, which is administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, and other applicable federal laws.

9. The Fund receives contributions from numerous employers, including Defendant NWI HEATING AND AIR SOLUTIONS LLC, pursuant to collective bargaining agreements ("CBAs") heretofore entered into between Local Union No. 20 of the International Association

of Sheet Metal, Air, Rail and Transportation Workers (the "Union") and those employers, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, other applicable federal law, and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

10. The Trustees of the Fund reside in and administer the Fund in Lake County, Indiana.

11. As provided in the Fund's Trust Agreement, the Trustees of the Fund and their designees are required to receive, hold, and manage all monies required to be contributed to the Fund in accordance with the provisions of the then-applicable CBAs for the uses and purposes set forth in the Trust Agreement.

12. NWI HEATING AND AIR SOLUTIONS LLC is or was a limited liability company registered with the State of Indiana.

13. NWI HEATING AND AIR SOLUTIONS LLC's principal place of business is or was 2686 Willowcreek Rd., Suite B, Portage, IN 46368.

14. NWI HEATING AND AIR SOLUTIONS LLC's registered agent and single member is or was Melissa Lopez, registered at the following address: 2883 Charlotte St, Portage, IN 46368.

15. At all relevant times, NWI HEATING AND AIR SOLUTIONS LLC was party to a collective bargaining agreement or agreements with the Union.

16. NWI HEATING AND AIR LLC is a limited liability company registered with the State of Indiana.

17. NWI HEATING AND AIR LLC's principal place of business is 2686 Willowcreek Rd., Suite B, Portage, IN 46368.

18. NWI HEATING AND AIR LLC's registered agent, president, and single member is John Lopez, registered at the following address: 2883 Charlotte St, Portage, IN 46368.

19. Prior to October 31, 2023, NWI HEATING AND AIR SOLUTIONS LLC was registered with the State of Indiana to transact business under the assumed name "NWI HEATING AND AIR."

20. On October 31, 2023, NWI HEATING AND AIR SOLUTIONS LLC, through its registered agent Melissa Lopez, filed a certificate with the State of Indiana cancelling its assumed business name NWI HEATING AND AIR.

21. The very same day, on October 31, 2023, John Lopez filed a certificate of organization with the State of Indiana, forming the entity NWI HEATING AND AIR LLC.

22. On June 17, 2024, NWI HEATING AND AIR SOLUTIONS LLC, through its registered agent Melissa Lopez, filed a certificate of dissolution with the State of Indiana.

23. John Lopez is the spouse of Melissa Lopez. As such, NWI HEATING AND AIR SOLUTIONS LLC and NWI HEATING AND AIR LLC are subject to familial control and are therefore subject to common ownership and control.

24. On information and belief, at all times material to this Complaint, NWI HEATING AND AIR SOLUTIONS LLC and NWI HEATING AND AIR LLC have been affiliated and intertwined business enterprises, with substantially identical management, finances, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, and supervision.

25. When NWI HEATING AND AIR LLC was formed, its owners and members knew or should have known that NWI HEATING AND AIR SOLUTIONS LLC had been conducting business under the assumed name NWI HEATING AND AIR, and further that NWI HEATING AND AIR SOLUTIONS LLC was bound by the CBAs to pay contributions to the Fund and to submit to audits by the Fund. There was a substantial continuity in the operation of the business before and after the formation of NWI HEATING AND AIR LLC. As such, NWI HEATING AND AIR LLC is a successor to NWI HEATING AND AIR SOLUTIONS LLC, and it is bound by the same obligations to contribute to the Fund and to submit to audits by the Fund.

26. In the alternative, based on their nature and activities as alleged herein, NWI HEATING AND AIR LLC and NWI HEATING AND AIR SOLUTIONS LLC constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer or, in the alternative, joint employers. NWI HEATING AND AIR LLC is therefore bound by the same statutory and contractual duties by which NWI HEATING AND AIR SOLUTIONS LLC is bound with respect to its employees, and NWI HEATING AND AIR LLC is liable for any violations of the same by NWI HEATING AND AIR SOLUTIONS LLC and vice versa.

27. NWI HEATING AND AIR SOLUTIONS LLC withdrew its assumed business name and formed the new entity, NWI HEATING AND AIR LLC, with the fraudulent intent to avoid the former entity's obligations under the CBAs and agreements incorporated therein.

28. Defendants employ or have employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the CBAs or agreements referred to herein, by the terms of which Defendants were required to contribute to the Fund and, from time to time, submit to audits by the Fund or its agents.

## COUNT 1 – ENFORCEMENT OF RIGHT TO AUDIT UNDER ERISA

29. Plaintiffs incorporate and reallege paragraphs 1-28 as if fully set forth herein.

30. The Fund has requested, through its auditor, that Defendants submit their payroll records for an audit for the payroll period of January 1, 2021, through the present.

31. Defendants have not submitted said payroll records and have failed to cooperate with this audit request, which Defendants are required to comply with under the terms of the CBAs and agreements incorporated therein.

32. As a result of the above-described omissions and breaches of the CBAs and incorporated agreements by Defendants, the Fund is unable to determine whether Defendants have complied with their contribution obligations for the period of January 1, 2021, through the present.

33. As a result of the above-described omissions and breaches of the CBAs and incorporated agreements by Defendants, the Fund may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendants the benefits provided under the benefit plan, notwithstanding Defendants' failure to make contributions, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

34. The Fund, on its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested Defendants to perform their obligations, but Defendants have refused and failed to perform as herein alleged.

35. The Fund is without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendants are ordered to specifically perform all of their obligations required under the CBAs and the Trust Agreement, and are restrained from continuing to refuse to perform as required.

36. Defendants' failure to cooperate with the audit request is a violation of the CBAs and the Trust Agreement. The Fund, therefore, through its fiduciaries, seeks enforcement of these provisions pursuant to Sections 502(g)(2), (a)(3) and 515 of ERISA, 29 U.S.C. §§. 1132(g)(2), (a)(3), and 1145.

**WHEREFORE**, the Fund prays:

(a) That judgment be entered in favor of the Fund and against Defendants and Defendants be ordered to comply with the audit requirement of the Fund;

(b) That the Fund be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended; and

(c) For such other and further relief as the Court may determine just and proper.

Dated: December 2, 2024

                                  Respectfully submitted,

                                  */s/ Matt Pierce*
                                  Matt Pierce
                                  Alex Behn
                                  ASHER, GITTLER & D'ALBA, LTD.
                                  200 W. Jackson Blvd., Suite 720
                                  Chicago, IL 60606
                                  (312) 263-1500
                                  mjp@ulaw.com
                                  ajb@ulaw.com

                                  *Attorneys for Plaintiff*