UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL ) <br> WORKERS LOCAL NO. 20 GARY AREA ) <br> PENSION PLAN, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> NWI HEATING AND AIR SOLUTIONS ) <br> LLC, and NWI HEATING AND AIR LLC,) <br> ) <br>       Defendants, ) | Case No. 2:24-cv-421-GSL-AZ |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72-1**

This matter is before the Court on Defendants' Request for Relief of Judgment [DE 11], filed by NWI Heating and Air Solutions LLC and NWI Heating and Air LLC (collectively, "NWI") on February 6, 2025. Plaintiff Trustees of the Sheet Metal Workers Local No. 20 Gary Area Pension Plan (the "Fund") filed a response on February 20, 2025. No reply was filed. On June 16, 2025, District Judge Lund referred the Request, effectively a Motion to Set Aside Default Judgment, to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) [DE 14]. This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that District Court Judge Gretchen S. Lund grant Defendants' Request for Relief of Judgment [DE 11].

## Background

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA") and related statutes to compel compliance with a requested audit pursuant to a collective bargaining agreement between the Trustees of the Fund and the employers, NWI. DE 1 at 1. The Fund seeks an audit of the contributions made by NWI pursuant to the pension plan. *Id.* at 5. The Fund filed its complaint on December 2, 2024. *Id.* The Clerk of Court then issued summonses to both defendants on December 3, 2024. DE 2. The summonses were served December 6, and filed on the docket December 9, with the defendants' answers being due December 27, 2024. DE 3 and 4.

On January 2, 2025, the Fund timely filed a Request for Clerk's Entry of Default. DE 6. The following day, the Clerk of Court filed the Entry of Default. DE 7. Then, on January 16, 2025, the Fund moved for the entry of a default judgment against NWI, additionally asking that NWI be ordered to comply with production of payroll records and other documentation for the audit and attorney's fees incurred from prosecuting this case. DE 8. District Judge Lund granted that motion and entered the judgment against NWI along with the Fund's other requests on February 5, 2025. DE 9. On February 6, 2025, the Clerk of Court entered the judgment, but the same day, counsel for NWI filed his appearance and the instant motion to set aside the judgment. DE 10 and 11.

Counsel for NWI, attorney John Norris, filed a single page motion wherein he explained that he was initially licensed as an attorney in Florida but never found

2

employment there. DE 11. This led his status in the Florida bar being listed as "retired"; so, when he attempted to be admitted to the Northern District of Indiana, he struggled to confirm his attorney status with proper documentation. Citing to Federal Rule of Civil Procedure 60(b)(1), Attorney Norris asks this Court to find his inability to be admitted to this District and subsequent delay in filing an answer or response to the Fund's motions to constitute excusable neglect. *Id.* He asks the default judgment be set aside so as not to prejudice the defendants through "no fault of their own." *Id.* In the same motion, Attorney Norris also asked the Court to set a hearing for argument on the issue, so I set a hearing for August 25, 2025, where the parties appeared by counsel and made further argument. DE 16.

## Analysis

Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). The Seventh Circuit has established a three-element test that the moving party must establish to set aside a default: (1) good cause for setting aside the default; (2) quick action to correct the entry of default and (3) a meritorious defense to the complaint or claim. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). This standard is more lenient than the standard for setting aside a default judgment, and courts must be mindful of the preference to resolve cases on their merits rather than by default judgment. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948-49 (7th Cir. 2020); *Cracco*, 559 F.3d at 631. A lower court's decision to set aside a default is given "great deference" and will only be reversed if the court

abused its discretion. *Swaim v. Moltan Co.,* 73 F.3d 711, 722 (7th Cir. 1996); *Sun v. Bd. of Trs. of the Univ. of Ill.,* 473 F.3d 799, 810 (7th Cir. 2007).

Rule 60(b)(1) states that "[o]n a motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding" upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Seventh Circuit has applied the Rule 55 three-part standard for entries of default to default judgments as well. *Smith v. Casilo Consulting, LLC*, No. 1:21-CV-253-HAB, 2023 WL 2914261, at *1 (N.D. Ind. Apr. 12, 2023) (citing *Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 185 (7th Cir. 1982). While the tests are identical in wording, the application of the Rule 60 is "much more limited and stringent." *Id*. Though the preference is to settle cases on the merits, this higher standard reflects the respect for the finality of judgments and therefore "requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Id*. (citing *North Cent. Ill. Laborer's Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 167 (7th Cir. 1988); *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). The Seventh Circuit has made clear that relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances;" a district court abuses its discretion only when "no reasonable person could agree" with the decision to deny relief. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citations omitted).

More specifically, the element of excusable neglect can be met by attorney negligence. *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997). In 1993,

4

the Supreme Court broadened the definition of excusable neglect beyond what the Seventh Circuit had previously held to, now allowing "simple, faultless omissions to act and, more commonly, omissions caused by carelessness" to meet this requirement. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). Following the Supreme Court's guidance, the Seventh Circuit elaborated on what qualifies as excusable neglect. Rejecting a district court's position that attorney negligence cannot constitute excusable neglect, the Seventh Circuit clarified that "omissions through carelessness and mistake" are included in excusable neglect and do not necessarily require a showing of extraordinary circumstance. *Robb*, 122 F.3d at 359 (7th Cir. 1997). Most importantly, the Court emphasized that a trial court has the discretion "to consider the equities" to determine what level of attorney negligence qualifies as excusable neglect. *Id.*

As to the three-part test itself, good cause, the first element, requires the moving party to explain its failure to meet the deadline to file its answer, while the second element requires the party to show it acted in timely fashion to have the default set aside. *Cracco,* 559 F.3d at 631. Courts should consider whether the party willfully ignored the pending litigation or if they failed to answer due to inadvertence. *Id.* (*citing Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 677 (7th Cir. 1987). As for the third element, a party has a meritorious defense to a complaint when they make a legal argument that is not merely conclusory and provides a factual basis for the defense. *Id*. Merely denying the allegations is not sufficient, but rather the party must show a "cognizable" defense beyond bare legal conclusions. *Pretzel & Stouffer,*

5

*Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) (*citing Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)).

The above analysis must also be grounded in the Seventh Circuit's repeated holding that "a default judgment is a harsh sanction that ought to be used sparingly." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1209 (7th Cir. 1984). There is "a well-established policy favoring a trial on the merits over a default judgment." *United States v. An Undetermined Quantity of Article of Drug Labeled as Benylin Cough Syrup,* 583 F.2d 942, 946 (7th Cir. 1978). Similarly, "justice is always better served to have a case decided on the merits, rather than a procedural blunder." *Christiansen v. Adams*, 251 F.R.D. 358, 360 (S.D. Ill. 2008).

Here, NWI failed to take timely action due, as Attorney Norris admits, to his negligence. He was unable to be admitted to this District in time to file an answer or to respond to the entry of default. The Court recognizes the byzantine processes attorneys must often go through to obtain the correct paperwork from state bar organizations, especially if there is an error that needs to be corrected. Two months is not all that much time to be properly admitted to the District, given how long it can often take to sort through the necessary requirements. In the same vein, Attorney Norris promptly filed his appearance and motion just one day after being admitted. This falls under excusable neglect and is therefore both good cause and quick action to remedy the neglect.[1]

---

[1] The defendants or Norris could have sought local counsel to handle their filings while they awaited Norris' admission, but ultimately, a mere two-month gap does not move the needle here.

While the motion makes no mention of any meritorious defense, Attorney Norris did request a hearing to argue for relief under Rules 55 and 60. DE 11 at 1. At that hearing, Attorney Norris' co-counsel, Attorney Miller, presented a meritorious defense to the complaint. Recognizing that this defense need not be ironclad, but merely a plausible defense to the claims, the Court finds the defendants have met this element of the three-part test. Attorney Miller explained that the primary defense is about successorship liability between the two defendants. The defendants' position is that there is a sufficient separation in time of the two entities that precludes liability being transferred from one to the other for purposes of the audit compliance requested. A default judgment would compromise Defendants' ability to contest this point on the merits. Further, both parties agreed that plaintiffs would receive the audit documents (the primary issue of this action) on way or the other. Thus, there is no real prejudice if the judgment were set aside, and the case proceeded to discovers.

The proposed defense, along with the lack of prejudice to the plaintiffs from the mere two-month delay, is enough to set aside the default. Any further concerns of prejudice because of the delay in the case can be mitigated by holding to strict and expeditious case management deadlines following the scheduling conference.

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that the District Court **GRANT** Defendants' Request for Relief of Judgment [DE 11], **VACATE** the default

judgment, and **ORDER** the defendants to file their answers within 14 days of the District Court's Order.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

**SO ORDERED** this 28th day of August 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT