THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, | ) ) ) ) |
| Plaintiffs, | ) Case No. 2:24-cv-00421 ) |
| v. | ) ) |
| NWI HEATING AND AIR SOLUTIONS LLC, and NWI HEATING AND AIR, LLC | ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Now come Defendants, NWI HEATING AND AIR SOLUTIONS LLC, and NWI HEATING AND AIR LLC, by and through their counsel, ALLOCCO, MILLER AND CAHILL, P.C., for their response to the Plaintiffs' Complaint. Defendants state as follows:

### NATURE OF THE CASE

1. This action is brought under the provisions of Sections 502(g)(2), 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145 to compel compliance with a requested audit pursuant to applicable collective bargaining agreements and plan documents.

**ANSWER:** Defendants admit the allegations in Paragraph 1.

### JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**ANSWER:** Defendants admit the allegations in Paragraph 2.

1

3. Jurisdiction in this Court is also based upon Section 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(e)(2), which state in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**ANSWER:** Defendants admit the allegations in Paragraph 3.

4. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

**ANSWER:** Defendants admit the allegations in Paragraph 4.

5. Venue is proper in this District under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered, the breach took place, and the Defendants reside or resided within this District.

**ANSWER:** Defendants admit the allegations in Paragraph 5.

## PARTIES

6. Plaintiffs, TRUSTEES OF THE SHEET METEAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, are Trustees of a multiemployer "employee benefit plan" as defined under Section 3(3) of ERISA, 29 U.S.C § 1002(3).

**ANSWER:** Defendants admit the allegations in Paragraph 6.

7. The Trustees of the Fund are fiduciaries for the Fund within the meaning of 29 U.S.C. § 1132(e)(1).

**ANSWER:** Defendants admit the allegations in Paragraph 7.

8. The Fund is a Taft-Hartley Fund, which is administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended,

ERISA, and other applicable federal laws.

**ANSWER:** Defendants admit the allegations in Paragraph 8.

9. The Fund receives contributions from numerous employers, including Defendant NWI HEATING AND AIR LLC, pursuant to collective bargaining agreements ("CBAs") heretofore entered into between Local Union No. 20 of the International Association of Sheet Metal, Air, Rail and Transportation Workers (the "Union") and those employers, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, other applicable federal law, and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER:** Defendants deny that the Fund receives contributions from Defendant NWI Heating and Air, LLC and admit the remaining allegations in Paragraph 9.

10. The Trustees of the Fund reside in and administer the Fund in Lake County, Indiana.

**ANSWER:** Defendants admit the allegations in Paragraph 10.

11. As provided in the Fund's Trust Agreement, the Trustees of the Fund and their designees are required to receive, hold, and manage all monies required to be contributed to the Fund in accordance with the provisions of the then-applicable CBAs for the uses and purposes set forth in the Trust Agreement.

**ANSWER:** Defendants admit the allegations in Paragraph 11.

12. NWI HEATING AND AIR SOLUTIONS LLC is or was a limited liability company registered with the State of Indiana.

**ANSWER:** Defendants admit the allegations in Paragraph 12.

13. NWI HEATING AND AIR SOLUTIONS LLC's principal place of business is or was 2686 Willowcreek Rd., Suite B, Portage, IN 46368.

**ANSWER:** Defendants admit the allegations in Paragraph 13.

14. NWI HEATING AND AIR SOLUTIONS LLC's registered agent and single member is or was Melissa Lopez, registered at the following address: 2883 Charlotte St, Portage, IN 46368.

**ANSWER:** Defendants admit the allegations in Paragraph 14.

15. At all relevant times, NWI HEATING AND AIR SOLUTIONS LLC was party to a collective bargaining agreement or agreements with the Union.

**ANSWER:** Defendants admit the allegations in Paragraph 15.

16. NWI HEATING AND AIR LLC is a limited liability company registered with the State of Indiana.

**ANSWER:** Defendants admit the allegations in Paragraph 16.

17. NWI HEATING AND AIR LLC's principal place of business is 2686 Willowcreek Rd., Suite B, Portage, IN 46368.

**ANSWER:** Defendants admit the allegations in Paragraph 17.

18. NWI HEATING AND AIR LLC's registered agent, president, and single member is John Lopez, registered at the following address: 2883 Charlotte St, Portage, IN 46368.

**ANSWER:** Defendants admit the allegations in Paragraph 18.

19. Prior to October 31, 2023, NWI HEATING AND AIR SOLUTIONS LLC was registered with the State of Indiana to transact business under the assumed name "NWI HEATING AND AIR."

**ANSWER:** Defendants admit the allegations in Paragraph 19.

20. On October 31, 2023, NWI HEATING AND AIR SOLUTIONS LLC, through its registered agent Melissa Lopez, filed a certificate with the State of Indiana cancelling its assumed business name NWI HEATING AND AIR.

**ANSWER:** Defendants admit the allegations in Paragraph 20.

21. The very same day, on October 31, 2023, John Lopez filed a certificate of organization with the State of Indiana, forming the entity NWI HEATING AND AIR LLC.

**ANSWER:** Defendants admit the allegations in Paragraph 21.

22. On June 17, 2024, NWI HEATING AND AIR SOLUTIONS LLC, through its registered agent Melissa Lopez, filed a certificate of dissolution with the State of Indiana.

**ANSWER:** Defendants admit the allegations in Paragraph 22.

23. John Lopez is the spouse of Melissa Lopez. As such, NWI HEATING AND AIR SOLUTIONS LLC and NWI HEATING AND AIR LLC are subject to familial control and are therefore subject to common ownership and control.

**ANSWER:** Defendants admit that John Lopez is the spouse of Melissa Lopez and deny the remaining allegations in Paragraph 23.

24. On information and belief, at all times material to this Complaint, NWI HEATING AND AIR SOLUTIONS LLC and NWI HEATING AND AIR LLC have been affiliated and intertwined business enterprises, with substantially identical management, finances, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, and supervision.

**ANSWER:** Defendants deny the allegations in Paragraph 24.

25. When NWI HEATING AND AIR LLC was formed, its owners and members knew or should have known that NWI HEATING AND AIR SOLUTIONS LLC had been

5

conducting business under the assumed name NWI HEATING AND AIR, and further that NWI HEATING AND AIR SOLUTIONS LLC was bound by the CBAs to pay contributions to the Fund and to submit to audits by the Fund. There was a substantial continuity in the operation of the business before and after the formation of NWI HEATING AND AIR LLC. As such, NWI HEATING AND AIR LLC is a successor to NWI HEATING AND AIR SOLUTIONS LLC, and it is bound by the same obligations to contribute to the Fund and to submit to audits by the Fund.

**ANSWER:** Defendants deny the allegations in Paragraph 25.

26. In the alternative, based on their nature and activities as alleged herein, NWI HEATING AND AIR LLC and NWI HEATING AND AIR SOLUTIONS LLC constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer or, in the alternative, joint employers. NWI HEATING AND AIR LLC is therefore bound by the same statutory and contractual duties by which NWI HEATING AND AIR SOLUTIONS LLC is bound with respect to its employees, and NWI HEATING AND AIR LLC is liable for any violations of the same by NWI HEATING AND AIR SOLUTIONS LLC and vice versa.

**ANSWER:** Defendants deny the allegations in Paragraph 26.

27. NWI HEATING AND AIR SOLUTIONS LLC withdrew its assumed business name and formed the new entity, NWI HEATING AND AIR LLC, with the fraudulent intent to avoid the former entity's obligations under the CBAs and agreements incorporated therein.

**ANSWER:** Defendants deny the allegations in Paragraph 27.

28. Defendants employ or have employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the CBAs or agreements referred to herein, by the terms of which Defendants were required to contribute to the Fund and, from time to time, submit to audits by the Fund or its agents.

6

**ANSWER:** Defendant NWI Heating and Air Solutions, LLC admits the allegations in Paragraph 28. Defendant NWI Heating and Air, LLC denies the allegations in Paragraph 28.

## COUNT 1 – ENFORCEMENT OF RIGHT TO AUDIT UNDER ERISA

29. Plaintiffs incorporate and reallege paragraphs 1-28 as if fully set forth herein.

**ANSWER:** Defendants restate their answers to Paragraphs 1-28.

30. The Fund has requested, through its auditor, that Defendants submit their payroll records for an audit for the payroll period of January 1, 2021, through the present.

**ANSWER:** Defendants admit the allegations in Paragraph 30.

31. Defendants have not submitted said payroll records and have failed to cooperate with this audit request, which Defendants are required to comply with under the terms of the CBAs and agreements incorporated therein.

**ANSWER:** Defendants deny the allegations in Paragraph 31.

32. As a result of the above-described omissions and breaches of the CBAs and incorporated agreements by Defendants, the Fund is unable to determine whether Defendants have complied with their contribution obligations for the period of January 1, 2021, through the present.

**ANSWER:** Defendants deny the allegations in Paragraph 32.

33. As a result of the above-described omissions and breaches of the CBAs and incorporated agreements by Defendants, the Fund may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendants the benefits provided under the benefit plan, notwithstanding Defendants' failure to make contributions, thereby reducing the corpus of such

Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

**ANSWER:** Defendants deny the allegations in Paragraph 33.

34. The Fund, on its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested Defendants to perform their obligations, but Defendants have refused and failed to perform as herein alleged.

**ANSWER:** Defendants admit the allegations in Paragraph 34.

35. The fund is without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendants are ordered to specifically perform all of their obligations required under the CBAs and the Trust Agreement, and are restrained from continuing to refuse to perform as required.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Defendants' failure to cooperate with the audit request is a violation of the CBAs and the Trust Agreement. The Fund, therefore, through its fiduciaries, seeks enforcement of these provisions pursuant to Sections 502(g)(2), (a)(3) and 515 of ERISA, 29 U.S.C. §§. 1132(g)(2), (a)(3), and 1145.

**ANSWER:** Defendants deny the allegations in Paragraph 36.

        Respectfully submitted,

        NWI HEATING AND AIR SOLUTIONS LLC, and
        NWI HEATING AND AIR, LLC

        */s/ Todd A. Miller*

Attorney for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326

9

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, *Defendants' Answer to Plaintiffs' Complaint*, with the Clerk of the Court using the CM/ECF system on this 12th day of September 2025, which will send notice of such filings to the following:

Matt Pierce
Asher, Gittler & D'Alba, LTD.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
Mjp@ulaw.com

/s/ Todd A. Miller

Attorney for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326