**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:24-cv-00421-GSL-AZ |
| v. | ) ) | Hon. Abizer Zanzi, Mag. Judge |
| NWI HEATING AND AIR SOLUTIONS LLC, and NWI HEATING AND AIR LLC, | ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFFS' MOTION TO COMPEL DISCOVERY

NOW COME Plaintiffs, TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN (the "Fund"), by and through their undersigned attorneys, and move the Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and N.D. Ind. L.R. 37-1, to enter an order compelling Defendants, NWI HEATING AND AIR SOLUTIONS LLC, , and NWI HEATING AND AIR LLC (collectively, "Defendants"), to respond to written discovery requests, and in support thereof, state as follows:

1. The Complaint in this case was filed on December 2, 2024. (Dkt. 1). Plaintiffs seek to require Defendants to produce records in response to a regular payroll audit.

2. Each Defendant's deadline to answer or otherwise plead was December 27, 2024. Neither Defendant timely appeared or filed any responsive pleading. Accordingly, Plaintiffs filed a Request for Clerk's Entry of Default against Defendants on January 2, 2025. (Dkt. 6). The Clerk of Court entered default against Defendants on January 3, 2025. (Dkt. 7).

3. Plaintiffs filed a Motion for Default Judgment on January 16, 2025. (Dkt. 8). The Court granted that motion and entered judgment against Defendants on February 6, 2025. (Dkt. 9).

1

4.      The next day (two months after being served with summons), Defendants filed a motion to set aside the default judgment, with scant elaboration on the basis for that motion. (Dkt. 11). The Court conducted a hearing on that motion on August 25, 2025. (Dkt. 15). At hearing, Defendants claimed that they had a viable defense against successorship or alter ego liability, based on the amount of time that allegedly passed between the two Defendants' operations. (Dkt. 17, p. 7). As a result, the Court set aside the default judgment. (Dkt. 17). At hearing, Defendants' counsel also represented that Defendants intended to voluntarily produce all records that had been requested for the payroll audit.

5.      Defendants filed their Answer to the Complaint on September 12, 2025. (Dkt. 18).

6.      After Defendants filed their answer, counsel for Plaintiffs contacted Defendants' counsel by email to follow up on Defendants' representation that they would voluntarily produce the requested records, on October 3, November 6, and December 19, 2025. (Exhibit 1). Plaintiffs requested such voluntary production in order to avoid the time and expense of drafting and serving written discovery requests. (*Id.*). Defendants failed to respond to any of those inquiries.

7.      Because Defendants did not respond or produce any of the requested audit materials voluntarily, Plaintiffs served comprehensive written discovery requests on Defendants on January 16, 2026. (Exhibits 2, 3) (Plaintiffs' First Interrogatories to Defendants and First Request for Production to Defendants, respectively). Defendants did not timely serve any written responses, objections, or documents in response to those discovery requests.[1]

8.      As of the date of this filing, Defendants have not produced any written response or objection to any of Plaintiffs' interrogatories or requests for production, nor have they produced any documents responsive to the vast majority of Plaintiffs' requests.

---

[1] Plaintiffs also served a first set of Requests for Admission, to which Defendants responded on February 16, 2026. Those requests are not at issue in this motion.

9.      On March 2, 2026, well after the Defendants' deadline to respond to written discovery had passed, Plaintiffs' counsel contacted Defendants' counsel via email and requested the production of those outstanding discovery responses. (Exhibit 4, p. 2).

10.     On March 5, 2026, Defendants informally produced some limited records in response to the payroll audit. (Exhibit 5, p. 2) (settlement communications redacted). However, Defendants did not produce any written responses to the discovery requests, nor did they produce all, or even most, of the records requested. On April 6, 2026, and again on May 1, 2026, Plaintiffs provided a list of all the materials that were still outstanding, provided instructions on how to generate certain requested reports, and requested responses to all outstanding discovery requests. (Exhibit 5, pp. 1-2). Defendants failed to respond in any way to those requests.

11.     As set forth in the L.R. 37-1 Certification, below, Plaintiffs' counsel have made good faith efforts to meet and confer with Defendants to resolve this discovery dispute without Court intervention, but Defendants and Defendants' counsel have failed to respond or make efforts to resolve this dispute.

12.     Because Defendants have failed to answer Plaintiffs' interrogatories and requests for production or provide responsive documents, despite good faith efforts by Plaintiffs to encourage Defendants to comply, Plaintiffs must seek relief from the Court in the form of an order compelling Defendants to respond to the written discovery requests and produce documents necessary to complete the Audit and fully prosecute and resolve this matter.

13.     A party who fails to answer discovery requests within the time period prescribed by the federal rules waives all objections to such requests. *See Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.,* 236 F.R.D. 396, 398 (N.D. Ill. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been

3

seasonably asserted.") (collecting cases in various circuits and districts); *Perry v. City of Gary, Ind.*, No. 2:08CV280JVB-PRC, 2009 WL 2253157, at *2 (N.D. Ind. July 27, 2009) (applying the same rule). Because Defendants have failed to serve any written response whatsoever to Plaintiffs' requests, after more than four months and multiple requests from Plaintiffs, the Court should hold that Defendants have waived any objections to those discovery requests.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and enter an order (1) compelling Defendants to answer Plaintiffs' Interrogatories and Requests for Production, and to produce all relevant and responsive documents within seven (7) days of the date of the Court's order; (2) finding that Defendant has waived all objections to such requests; (3) awarding Plaintiffs the reasonable attorneys' fees and expenses incurred in making this motion; and (4) granting Plaintiffs such other and further relief to which they may be justly entitled.

Dated:   May 18, 2026.

Respectfully submitted,

/s/ Matt Pierce
Matt Pierce
Alex Behn
ASHER, GITTLER & D'ALBA, LTD.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
(312) 263-1500
mjp@ulaw.com
ajb@ulaw.com

*Attorneys for Plaintiff*

**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:24-cv-00421-GSL-AZ |
| v. | ) ) | Hon. Abizer Zanzi |
| NWI HEATING AND AIR SOLUTIONS LLC, and NWI HEATING AND AIR LLC, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' CERTIFICATION UNDER LOCAL RULE 37-1**

The undersigned attorney hereby certifies the following:

1.    Plaintiffs served written discovery requests, including Interrogatories, Requests for Production of Documents, and Requests for Admission, on Defendants on January 16, 2026. (Ex. 2, 3).

2.    Defendants timely answered the Requests for Admissions, but failed to provide any answers or objections to either Plaintiffs' Interrogatories or Requests for Production.

3.    Prior to filing Plaintiffs' Motion to Compel Discovery Responses, Matt Pierce and Alex Behn, counsel for Plaintiffs, conferred in good faith or attempted to confer with Defendants' counsel in an effort to resolve the matters raised in the motion without Court action, including:

   a.    Plaintiffs' counsel emailed Defendants' counsel to follow up on Defendants' representation that they would voluntarily produce the requested records, on October 3, November 6, and December 19, 2025. (Exhibit 1). Plaintiffs requested such voluntary production in order to avoid the time and expense of drafting and serving written discovery requests. (*Id.*). Defendants failed to respond to any of

5

those inquiries.

b.  After Defendants missed their deadline to respond to the Plaintiffs' written discovery requests, Plaintiffs' counsel contacted Defendants' counsel via email on March 2, 2026, to request production of those outstanding discovery responses, expressly noting that a motion to compel would be forthcoming if responses were not provided. (Exhibit 4, p. 2).

c.  On March 5, 2026, Defendants informally produced some limited records in response to the payroll audit. (Exhibit 5, p. 2). However, Defendants did not produce any written responses to the discovery requests, nor did they produce all, or even most, of the records requested.

d.  On April 6, 2026, Plaintiffs' counsel provided a list of all the materials that were still outstanding, provided instructions on how to generate certain requested reports, and requested written responses and documents responsive to all outstanding discovery requests. (Exhibit 5, pp. 1-2). Defendants failed to respond in any way to those requests.

e.  On May 1, 2026, Plaintiffs' counsel again emailed Defendants' counsel, providing a list of all the materials that were still outstanding, providing instructions on how to generate certain requested reports, and requesting responses to all outstanding discovery requests. (Exhibit 5, p. 1). Plaintiffs' counsel also stated in that email that this was an attempt to confer pursuant to L.R. 37-1, and asking Defendant's counsel to advise whether a call was necessary to discuss Defendants' failure to respond to any of the discovery requests. Defendants failed to respond in any way to those requests.

f. Plaintiffs' counsel has also made multiple attempts to reach Defendants' counsel via telephone to discuss these matters but has been unable to reach Defendants' counsel.

4. No further correspondence between the parties took place, nor were documents produced or responses to Requests for Production or Interrogatories served, prior to the filing of Plaintiffs' Motion to Compel.

Dated:   May 18, 2026.

Respectfully submitted,

*/s/ Matt Pierce*
Matt Pierce
ASHER, GITTLER & D'ALBA, LTD.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
(312) 263-1500
mjp@ulaw.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

       The undersigned attorney certifies that on May 18, 2026, a copy of the foregoing Motion, and its accompanying exhibits and Certification under Local Rule 37-1, was served on all parties of record via the Court's CM/ECF system.

By: */s/ Matt Pierce*