**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:24-cv-00421-GSL-AZ |
| v. | ) ) | |
| NWI HEATING AND AIR SOLUTIONS LLC, and NWI HEATING AND AIR LLC, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, THE TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, by and through its undersigned attorneys, serves upon Defendants, NWI HEATING AND AIR SOLUTIONS LLC, and NWI HEATING AND AIR LLC, Plaintiff's First Interrogatories to Defendants as follows.

**DEFINITIONS**

1.     The terms "Plaintiffs" and "the Fund" refer to Plaintiffs, THE TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN.

2.     The term "NWI Heating and Air Solutions" refers to Defendant, NWI HEATING AND AIR SOLUTIONS LLC, its officers, officials, agents, employees, and representatives.

3.     The term "NWI Heating and Air" refers to Defendant, NWI HEATING AND AIR LLC, its officers, officials, agents, employees, and representatives.

1

4.      The terms "Defendants," "you," and "your" refer to Defendants NWI HEATING AND AIR SOLUTIONS LLC and/or NWI HEATING AND AIR LLC, their officers, officials, agents, employees, and representatives.

5.      The term "the Union" refer to Sheet Metal Workers Local 20.

6.      The term "person" means any natural person, partnership, association, joint venture, corporation, governmental agency, or any other organization or legal business entity, including any party to this litigation.

7.      The terms "document" or "documents" as used herein mean and include any written, graphic, computer, magnetically stored matter or communication or electronically stored information, however produced, reproduced or stored, and is intended to be comprehensive and include any and all agreements, records, correspondence, letters, telegrams, notes, memoranda, instructions, reports, financial statements, data, schedules, notices, work papers, drafts, recordings, photographs, charts, analyses, inter-office communications, notebooks, diaries, daily logs, appointment calendars, sketches, drawings, video tapes, films, plans, specifications, blueprints, plats, diagrams, forms, manuals, brochures, lists, publications, minutes of meetings, journals, ledgers, or other financial records, invoices, work tickets, purchase orders, canceled checks, policies, procedures, protocols, regulations, webpage postings, and all other written or graphic materials of any nature whatsoever and any non-identical copies thereof.

8.      The phrase "all documents" is meant to include each and every non-identical copy of the particular item requested, but the phrase is not meant to include documents protected from disclosure by the attorney-client communications privilege or the attorney work product doctrine.

9.      The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to encompass the broadest possible request.

10.     The term "communication" shall mean and include any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telex, telecopier, cable, email, text message, instant message, social media message or posting, or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.     The term "draft" shall mean any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether such draft was superseded by a later draft, and whether the terms of the draft are the same as or different from the terms of the final document.

12.     Unless otherwise specified, the time period for these requests is from January 28, 2019, through present.

13.     The term "identify" or "identity" when used in reference to an individual means to state his or her full name, employment title or position, address, and telephone number.

14.     The term "identify" or "identity" when used in reference to a business entity means to state the full and complete business name and principal place of business; the primary location at which the entity does business; and the primary person at such business with whom you dealt.

15.     The term "identify" or "identity" when used in reference to a document means to state:

> the type of document;
> its date;
> its author, creator or sponsor;
> the nature of the document;
> a summary description of the document's content;
> the source of the document; and
> its present location and the identity of its present custodian.

16.     Unless otherwise specified, the time period for these requests is from January 1, 2021, to the present.

## INSTRUCTIONS

17.     Within thirty (30) days of service of these interrogatories, please produce all materials responsive to these interrogatories to the offices of Asher, Gittler & D'Alba, Ltd., 200 W. Jackson Blvd., Suite 720, Chicago, IL 60606. To the extent responsive materials can be produced electronically, please send such materials by electronic mail to Matt Pierce at mjp@ulaw.com.

18.     These interrogatories are directed to both named Defendants in this case. **If the answer to any interrogatory is different in any way for one of the two Defendants, please answer separately for each of the two Defendants. If only one answer is given to an interrogatory, it will be understood that the answer is made on behalf of both Defendants**.

19.     These interrogatories are continuing in character so as to require you to produce any further responsive information which you obtain or discover after your initial answers and before trial. Fed. R. Civ. P. 26(e).

20.     Whenever you are unable to provide exact information in response to an interrogatory, approximate or estimated information should be provided to the extent possible. You should indicate when you are relying on estimated information and an explanation should be given as to the basis of such information.

21.     Separate answers shall be provided to each interrogatory. Answers to interrogatories or parts thereof should not be joined together, accorded a common answer, or incorporated by reference.

22.     If in response to an interrogatory you answer that the information may be derived or ascertained from business records, then your answer shall include a detailed identification of the records (including type of document, Bates numbers, name and page numbers) and their precise location and present custodian.

23.     Pursuant to Fed. R. Civ. P. 33(b)(4), in the event you raise any objection to any interrogatory, the grounds for objecting must be stated with specificity.

24.     For each interrogatory or part thereof which you refuse to answer, the reason or reasons for such refusal shall be fully explained. In the event any information requested is withheld on the basis of a claim of privilege, please state the grounds of the privilege claimed, and, if any documents are claimed to be privileged, provide a privilege log which sets forth the author, addressee, indicator of blind copies, date, number of pages, attachments and appendices, all persons to whom the document was distributed, shown or explained, a general description of the document (for example, letter, memorandum, etc.), and identify the present custodian.

25.     In the event any document requested to be identified has been destroyed or otherwise disposed of since its preparation or receipt, state the author, addressee, indicator of blind copies, date, number of pages, attachments and appendices, all persons to whom the document was distributed, shown or explained, a general description of the document, and identify the document's last known custodian.

26.     In the event that you assert that any information being requested herein contains information that is confidential, proprietary, personally identifiable information, or information which otherwise requires protection from public disclosure, you are requested to timely provide Plaintiff with proposed language for a narrowly-drafted agreed protective order to limit disclosure of such information outside of this litigation

## INTERROGATORIES

**Interrogatory No. 1**: State whether, at any point from January 1, 2021, through present, NWI Heating and Air has ever shared the following with NWI Heating and Air Solutions: Offices; Facilities; Records or record-keeping systems; Bank accounts; Vehicles; Equipment; Tools; Insurance policies; Advertising; Employees; Clients or client lists; Credit; or Professional or accounting services.

**Answer**:

**Interrogatory No. 2**: With respect to the business operations of Defendants for the period January 1, 2021, to the present, please state/identify:

a) The business and warehouse/shop addresses for Defendant, including mailing addresses, P.O. Box numbers(s)/location(s) and physical office locations and the time periods which Defendant occupied each office/warehouse location or used each mailing address;

b) The business telephone number(s), directory listing(s), and facsimile number(s) of all locations listed;

c) The geographical area where Defendant performed or performs work;

d) Business(es) or individual(s) who own real property from whom Defendant rents, leases, or otherwise occupies office, warehouse, or commercial space and state the calendar periods and compensation paid by Defendant for the right to use or occupy such space.

**Answer**:

**Interrogatory No. 3**: With respect to the day-to-day business operations of Defendants for the period January 1, 2021, to the present, please describe in detail and/or identify:

a) The type of business Defendants engage in and the nature of Defendants' business operations, including but not limited to, what type of product is manufactured and/or services offered by Defendants;

b) The banking institution, branch location, and account number(s) of all bank accounts including but not limited to payroll accounts(s), the nature/purpose of each account and all individuals signatory to each account;

6

c) Where and by whom Defendants' accounting records are kept and identify the principal accountant;

d) Where and by whom Defendants' corporate business records are kept.

**Answer**:

**Interrogatory No. 4**: With respect to professional advisors engaged or consulted by Defendants for the period January 1, 2021, to the present, identify, including the years and terms of employment of each, all professional advisors including but not limited to, those who may have knowledge of the billing practices, employment practices, job bidding practices, employee benefits, incorporation, and capitalization of Defendants.

**Answer**:

**Interrogatory No. 5**: Identify all owners, shareholders, or officers of Defendants for the period January 1, 2021, to the present, including the date(s) each person was designated as such, and each person's title and percentage of ownership.

**Answer**:

**Interrogatory No. 6**: Identify all employees of Defendants for the period January 1, 2021, to the present, and for each such employee, state the following:

a) The employee's job title/craft position, job description, duties/skills and responsibilities;

b) Dates of hire and termination, as applicable.

**Answer**:

**Interrogatory No. 7**: For the period January 1, 2021, to the present, identify all individuals who are or were employed by Defendants as supervisors, managers, job superintendents, forepersons, representatives, or other supervisory persons, and state for each their dates of employment and indicate whether each had the authority to do the following:

a) Hire, transfer, suspend, lay off, recall, promote, discharge, assign work, reward, or discipline employees or subcontractors;

b) Estimate and/or submit bids;

c) Formulate and implement management, personnel and labor policies.

**Answer**:

**Interrogatory No. 8:** Identify all projects performed by Defendants during the time period from January 1, 2021, through the present, including ongoing projects or pending projects. For each such project please state the following:

a) The name of the entity or entities for which the work was performed; and

b) The number of total hours worked.

**Answer**:

**Interrogatory No. 9:** With respect to Defendants' customers, identify:

a) Where Defendants advertise for customer business;

b) All current or former customers of NWI Heating and Air that are now or were formerly customers of NWI Heating and Air Solutions.

**Answer**:

**Interrogatory No. 10:** Identify the amount and date of any payment, gift, or other transfer of money between NWI Heating and Air Solutions and NWI Heating and Air, including the reason for each identified transfer.

**Answer**:

**Interrogatory No. 11:** Identify all equipment, vehicles, supplies, tools, or other property transferred between NWI Heating and Air Solutions and NWI Heating and Air, including a description of the property transferred, the date of the transfer, and the consideration paid for such transfer.

**Answer**:

**Interrogatory No. 12:** Describe any material facts supporting or relating to Defendants' contention that NWI Heating and Air is not a successor, alter ego, single employer, or joint employer with NWI Heating and Air Solutions.

**Answer:**

**Interrogatory No. 13:** Identify each witness Defendant may call at trial. For each individual, please indicate full name; business and/or home address; business and/or home telephone number; and a detailed description of their anticipated testimony.

**Answer:**

**Interrogatory No. 14:** Identify all persons who provided answers to or assisted in the preparation of Defendants' responses to Plaintiffs' First Set of Interrogatories, Plaintiffs' First Request for Admission, and/or Plaintiffs' First Set of Requests for Production to Defendants.

**Answer:**

Dated: January 16, 2026.

Respectfully Submitted,

*/s/ Matt Pierce*
Matt Pierce

Matt Pierce
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
(312) 263-1500 (phone)
(312) 263-1520 (fax)
mjp@ulaw.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that the foregoing document was served on all counsel of record via email on January 16, 2026, as follows:

Todd A. Miller
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
tam@alloccomiller.com

John Norris
218 W. Washington St.
South Bend, IN 46601
NorrislawIndiana@gmail.com

*Attorneys for Defendant*

/s/ Matt Pierce
Matt Pierce