**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:24-cv-00421-GSL-AZ |
| v. | ) ) ) | |
| NWI HEATING AND AIR SOLUTIONS LLC, and NWI HEATING AND AIR LLC, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, THE TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN, by and through their attorneys, serves upon Defendants, NWI HEATING AND AIR SOLUTIONS LLC, and NWI HEATING AND AIR LLC, Plaintiffs' First Request for Production to Defendants as follows.

**DEFINITIONS**

1.      The terms "Plaintiffs" and "the Fund" refer to Plaintiffs, THE TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION PLAN.

2.      The term "NWI Heating and Air Solutions" refers to Defendant, NWI HEATING AND AIR SOLUTIONS LLC, its officers, officials, agents, employees, and representatives.

3.      The term "NWI Heating and Air" refers to Defendant, NWI HEATING AND AIR LLC, its officers, officials, agents, employees, and representatives.

1

4.      The terms "Defendants," "you," and "your" refer to Defendants NWI HEATING AND AIR SOLUTIONS LLC and/or NWI HEATING AND AIR LLC, their officers, officials, agents, employees, and representatives.

5.      The term "the Union" refer to Sheet Metal Workers Local 20.

6.      The term "person" means any natural person, partnership, association, joint venture, corporation, governmental agency, or any other organization or legal business entity, including any party to this litigation.

7.      The terms "document" or "documents" as used herein mean and include any written, graphic, computer, magnetically stored matter or communication or electronically stored information, however produced, reproduced or stored, and is intended to be comprehensive and include any and all agreements, records, correspondence, letters, telegrams, notes, memoranda, instructions, reports, financial statements, data, schedules, notices, work papers, drafts, recordings, photographs, charts, analyses, inter-office communications, notebooks, diaries, daily logs, appointment calendars, sketches, drawings, video tapes, films, plans, specifications, blueprints, plats, diagrams, forms, manuals, brochures, lists, publications, minutes of meetings, journals, ledgers, or other financial records, invoices, work tickets, purchase orders, canceled checks, policies, procedures, protocols, regulations, webpage postings, and all other written or graphic materials of any nature whatsoever and any non-identical copies thereof.

8.      The phrase "all documents" is meant to include each and every non-identical copy of the particular item requested, but the phrase is not meant to include documents protected from disclosure by the attorney-client communications privilege or the attorney work product doctrine.

9.      The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to encompass the broadest possible request.

10.     The term "communication" shall mean and include any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telex, telecopier, cable, email, text message, instant message, social media message or posting, or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.     The term "draft" shall mean any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether such draft was superseded by a later draft, and whether the terms of the draft are the same as or different from the terms of the final document.

12.     Unless otherwise specified, the time period for these requests is from January 1, 2021, through the present.

### INSTRUCTIONS

13.     Within thirty (30) days of service of these requests, please produce all materials responsive to these requests to the offices of Asher, Gittler & D'Alba, Ltd., 200 W. Jackson Blvd., Suite 720, Chicago, IL 60606. To the extent responsive materials can be produced electronically, please send such materials by electronic mail to Matt Pierce at mjp@ulaw.com.

14.     These requests are directed to both named Defendants in this case. **If the response to any request is different in any way for one of the two Defendants, please answer separately for each of the two Defendants. If only one answer is response is given to a request, it will be understood that the response is made on behalf of both Defendants.**

15.     These requests are continuing in character so as to require you to produce any further responsive documents which you obtain or discover after your initial production and before trial. Fed. R. Civ. P. 26(e).

3

16.     All requested documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b)(2)(E).

17.     If any documents identified in response to these requests are in the possession of a third party, state the identity and location of the third party.

18.     If any documents requested were at one time in your possession, custody or control, but are no longer in your possession, custody or control, have ceased to exist or have been lost, please state for each such document: (a) the type of document; (b) the date upon which it left your possession, custody or control, ceased to exist or was lost; (c) the circumstances under which it left your possession, custody or control, ceased to exist or was lost; (d) the identity of all persons having knowledge of the circumstances under which it ceased to exist or was lost; (e) the identity of its last known custodian; and (f) the identity of all persons having knowledge of the contents thereof.

19.     Any document bearing on any page or side thereof any marks (including, for example, any initials, stamped indicia, comments or notation of any character) not part of the original text or any reproduction thereof, is to be considered a separate document for purposes of responding to the following requests.

20.     Any electronically stored information ("ESI") shall be produced in a searchable and legible PDF format. With respect to any ESI that is not reasonably usable when converted to PDF format (including, without limitation, video files, audio files, spreadsheets, charts, graphs, or oversized documents), such ESI should be produced in its native file format.

21.    In general, metadata and system files need not be produced. To the extent Plaintiff seeks such data or files in connection with any request herein, the parties shall meet and confer regarding the scope of metadata or system files sought and the appropriate method of production.

22.    To the extent a response to a request herein requires production of discoverable electronic information contained in a database or substantially large server, the Parties shall meet and confer to determine the protocol for searching and producing responsive information from the database or server.

23.    If any electronic document produced in response to these requests is password protected, upon request, you shall use all reasonable efforts to provide the password, or to provide an unprotected version of the document, so that the document can be viewed in the same capacity as all other documents produced.

24.    Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i), you must produce responsive documents and ESI as they are kept in the usual course of business or you must organize and label documents and ESI to correspond to the categories in each request for production.

25.    Pursuant to Fed. R. Civ. P. 34(b)(2)(c), in the event that you assert an objection to any request for production, **you must state whether any responsive materials are being withheld on the basis of that objection**. An objection to part of a request must specify the part and produce or permit inspection of the rest.

26.    In the event that you assert attorney-client privilege, work product doctrine, or any other privilege, as to any document or thing being requested herein, then as to each such document and thing subject to such assertion, you are requested to serve with your response to these requests a written list containing an identification of the document or thing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the

date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to make a determination in the event of a motion to compel and an indication of the basis for assertion of privilege or the like.

## REQUESTS FOR PRODUCTION

**Request No. 1:** Copies of all books and records that the Fund and/or their auditors requested Defendants to produce in connection with the payroll audit of Defendants covering the period of January 1, 2021, through present, including specifically the following records for the period of January 1, 2021, through present:

1. Payroll journals
2. Individual earnings and time records for all employees
3. Quarterly withholding tax and FICA tax returns (Forms 941) and annual earnings reports (Forms W-2 and W-3)
4. Report of miscellaneous income (Forms 1099)
5. Summary of information returns (Form 1096)
6. State Unemployment Compensation tax reports
7. The complete annual Federal business income tax returns, including all schedules and attachments: either Form 1120, 1120-S, 1065, or 1040 Schedule C, whichever is applicable.
8. Employer copies of monthly contribution reports to all Funds
9. All pertinent personal file information
10. Cash Disbursement records for the entire period (These include check disbursement journals, ledgers, registers, and/or check stubs.)
11. Invoices for all items in the cash disbursement, purchases, and account payable records.

**Response:**

**Request No. 2:** Copies of all of Defendants' corporate minutes and any other documents relating to or identifying the officers and directors of Defendants for the period of January 1, 2021, through present.

**Response:**

6

**Request No. 3:** Defendant's corporate by-laws, minutes, and stock certificates.

**Response:**

**Request No. 4:** Copies of all insurance policies or bonds held by Defendants at any point during the period of January 1, 2021, through present, including but not limited to workers' compensation, business liability, and auto insurance policies.

**Response:**

**Request No. 5:** Copies of all tax documents filed by Defendants during the period of January 1, 2021, through present.

**Response:**

**Request No. 6:** Copies of Defendants' incorporation documents and any annual reports or other filings submitted to the Indiana Secretary of State's office from January 1, 2021, to the present.

**Response:**

**Request No. 7:** Copies of the results of any unemployment insurance audits conducted on Defendants during the period of January 1, 2021, through present.

**Response:**

**Request No. 8:** Copies of any professional or business licenses or certificates currently or previously held by Defendants during the period of January 1, 2021, through present.

**Response:**

**Request No. 9:** Copies of any collective bargaining agreements to which Defendants are or were signatory during the period of January 1, 2021, through present.

**Response:**

**Request No. 10:** Copies of any documents reflecting any fringe benefit contributions paid by Defendants during the period of January 1, 2021, through present.

**Response:**

**Request No. 11:** Copies of any communications to, from, or between any of NWI Heating and Air Solutions' officers, officials, agents, employees, or representatives, which refer to NWI Heating and Air.

**Response:**

**Request No. 12:** Copies of any communications to, from, or between any of NWI Heating and Air's officers, officials, agents, employees, or representatives, which refer to NWI Heating and Air Solutions.

**Response:**

**Request No. 13:** Copies of all invoices and sales receipts for vehicles, equipment, or tools used in the operation of Defendants' business.

**Response:**

**Request No. 14:** Documents relating to equipment, tools, and/or vehicles owned, leased, rented, or used by Defendants during the period January 1, 2021, to the present, including but not limited to title documents, lease agreements, rental agreements, and any other agreements entered into for the use of such equipment, tools and/or vehicles.

**Response:**

**Request No. 15:** Documents relating to the ownership, lease of, or use of real property by Defendants during the period January 1, 2021, to the present, including but not limited to title documents, and lease agreements.

**Response:**

**Request No. 16:** Documents relating to or identifying owners, shareholders, or partners of Defendants for the period January 1, 2021, to the present, and the amount of shares or ownership interest owned by each.

**Response:**

**Request No. 17:** Documents relating to the capitalization of NWI Heating and Air when it commenced doing business.

**Response:**

**Request No. 18:** Documents identifying the mailing addresses of Defendants for the period January 1, 2021, to the present, including its letterhead.

**Response:**

**Request No. 19:** Documents identifying the phone number and fax number of Defendants for the period January 1, 2021, to the present.

**Response:**

**Request No. 20:** All employee leasing agreements entered into by Defendants during the period January 1, 2021, to the present.

**Response:**

**Request No. 21:** Documents relating to any work completed by NWI Heating and Air that was begun by NWI Heating and Air Solutions.

**Response:**

**Request No. 22:** Documents relating to or evidencing advertising drafted, placed, or submitted on behalf of Defendants during the period January 1, 2021, to the present.

**Response:**

**Request No. 23:** Documents reflecting or relating to agreements entered into between Defendants and any individual, creditor, corporate director, and/or shareholder, for the period January 1, 2021, to the present.

**Response:**

**Request No. 24:** Documents relating to Defendant's employees' health insurance policy or policies and all lists of employees who are or were participants at any time from January 1, 2021, to the present.

**Response:**

**Request No. 25:** Documents identifying all employees of Defendants, including employee lists or rosters, from January 1 2021, to the present.

**Response:**

**Request No. 26:** Financial statements of Defendants for the period January 1, 2021, to the present, or other documents reflecting the business finances, assets, and liabilities of Defendants.

**Response:**

**Request No. 27:** Copies of all employee handbooks and personnel policies in place for Defendants at any point during the period of January 1, 2021, through present.

**Response:**

**Request No. 28:** Copies of any receipts, invoices, transactions, or bank transfers between NWI Heating and Air Solutions and NWI Heating and Air.

**Response:**

**Request No. 29:** Documents related to jobs performed and/or worked by Defendants during the period January 1, 2021, to the present, including but not limited to contracts, proposals, invoices, bids, waivers of lien, and any documents reflecting or designating the job, who it was

10

performed for, the nature of the work performed, the location, and the individuals and/or subcontractors who actually performed the work on that job.

**Response:**

**Request No. 30:** Copies of every contract or subcontract for NWI Heating and Air Solutions to perform any work covered under the Standard Agreement between the Union and the Northern Indiana Sheet Metal Contractors Association, including, without limitation, the manufacture, fabrication, assembling, handling, erection, installation, dismantling, conditioning, adjustment, alteration, repairing or servicing of all ferrous or nonferrous metal work and all other materials used in lieu thereof and of all HVAC systems, airveyor systems, exhaust systems, and air-handling systems regardless of material used including the setting of all equipment and all reinforcements in connection therewith, or any similar or related work, during the relevant time period, and any bills, invoices, or other records reflecting work performed by Defendants and/or amounts paid under each contract or subcontract.

**Response:**

**Request No. 31:** Copies of every contract or subcontract for NWI Heating and Air to perform any work covered under the Standard Agreement between the Union and the Northern Indiana Sheet Metal Contractors Association, including, without limitation, the manufacture, fabrication, assembling, handling, erection, installation, dismantling, conditioning, adjustment, alteration, repairing or servicing of all ferrous or nonferrous metal work and all other materials used in lieu thereof and of all HVAC systems, airveyor systems, exhaust systems, and air-handling systems regardless of material used including the setting of all equipment and all reinforcements in connection therewith, or any similar or related work, during the relevant time period, and any

11

bills, invoices, or other records reflecting work performed by Defendants and/or amounts paid under each contract or subcontract.

**Response:**

**Request No. 32:** All communications between or amongst any employee, officer, agent, representative, or owner of Defendants the Fund during the relevant time period.

**Response:**

**Request No. 33:** All communications between or amongst NWI Heating and Air and NWI Heating and Air Solutions during the relevant time period.

**Response:**

**Request No. 34:** All communications between or amongst any employee, officer, agent, representative, or owner of Defendants and any auditor acting on behalf of the Fund during the relevant time period.

**Response:**

**Request No. 35:** All communications between or amongst any employee, officer, agent, representative, or owner of Defendants and the Union during the relevant time period.

**Response:**

**Request No. 36:** All communications sent to or received by any employee, officer, agent, representative, or owner of Defendants, which discuss, refer, or relate to fringe benefit contributions during the relevant time period.

**Response:**

**Request No. 37:** All communications sent to or received by any employee, officer, agent, representative, or owner of Defendants, which discuss, refer, or relate to this Lawsuit.

**Response:**

**Request No. 38:** All communications sent by any employee, officer, agent, representative, or owner of Defendants, which announce the formation of NWI Heating and Air or discuss, refer, or relate to NWI Heating and Air replacing or assuming the work of NWI Heating and Air Solutions during the relevant time period.

**Response:**

**Request No. 39:** All documents which reflect the transfer of any property from NWI Heating and Air Solutions to NWI Heating and Air., including without limitation any titles, deeds, invoices, receipts, or contracts.

**Response:**

**Request No. 40:** Documents identifying suppliers/material providers used and/or paid by Defendants during the period January 1, 2021, to the present, including purchase orders and canceled checks.

**Response:**

**Request No. 41:** Any documents relevant to any claim asserted against Defendants in this action.

**Response:**

**Request No. 42:** Any documents relevant to any defense asserted by Defendants in this action.

**Response:**

**Request No. 43:** Any documents Defendants intend to rely upon in this litigation to prove or disprove any claim or defense.

**Response:**

**Request No. 44:** Any documents referenced in or relied upon in preparing Defendants' response to Plaintiffs' First Set of Interrogatories.

**Response:**

**Request No. 45:** Any documents referenced in or relied upon in preparing Defendants' response to Plaintiffs' First Request for Admission.

**Response:**

**Request No. 46:** Any documents referenced in or relied upon in preparing Defendants' Rule 26(a)(1) initial disclosures.

**Response:**

Dated January 16, 2026.

Respectfully submitted,

*/s/ Matt Pierce*
Matt Pierce

Matt Pierce
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
(312) 263-1500 (phone)
(312) 263-1520 (fax)
mjp@ulaw.com

*Attorneys for Plaintiffs*

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that the foregoing document was served on all counsel of record via email on January 16, 2026, as follows:

Todd A. Miller
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
tam@alloccomiller.com

John Norris
218 W. Washington St.
South Bend, IN 46601
NorrislawIndiana@gmail.com

*Attorneys for Defendants*

/s/ Matt Pierce
Matt Pierce

15