**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

TRUSTEES OF THE SHEET METAL          )
WORKERS LOCAL NO. 20 GARY            )
AREA PENSION PLAN,                   )
        Plaintiff,                   )
                                     )
      v.                               )  Case No. 2:24-CV-421-AZ
                                     )
NWI HEATING AND AIR SOLUTIONS        )
LLC, and NWI HEATING AND AIR         )
LLC,                                 )
        Defendant.                   )

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery [DE 28], filed on May 18, 2026, by Plaintiffs Trustees of the Sheet Metal Workers Local No. 20 Gary Area Pension Plan. Defendant was given until June 2, 2026, to file a response but did not do so. The Court held a motion hearing on June 16, 2026. For the reasons discussed on the record and in this Order, Plaintiffs' Motion to Compel Discovery [DE 28] is **GRANTED in part** and the Court **RESERVES JUDGMENT** on the remainder of the Motion.

## Discussion

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Court will summarize first the Complaint's allegations, then the case's procedural history, and finally the course of discovery leading to the present discovery dispute.

## I.    The Complaint's Allegations

The Complaint states that Plaintiffs are trustees of an employee benefit plan, or "the Fund." DE 1 ¶ 6. The Fund receives monetary contributions from multiple employers. DE 1 ¶ 9. The employers must make contributions pursuant to the terms of the collective bargaining agreements (CBAs) they have entered into with a union (Local Union No. 20 of the International Association of Sheet Metal, Air, Rail, and Transportation Workers). DE ¶ 9. As trustees, Plaintiffs administer and manage the Fund. DE 1 ¶¶ 10–11.

Plaintiffs seek to compel an audit of Defendants' payroll records pursuant to the ERISA provisions at 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145. DE 1 ¶ 1. Plaintiffs seeks payroll records from two Defendants: (1) NWI Heating and Air Solutions LLC, and (2) NWI Heating and Air LLC. For convenience, the Court will refer to the first as "NWI Solutions" and the second as "NWI Heating."

The Complaint alleges that NWI Solutions entered into a CBA with the union. *Id.* ¶ 15. The CBA required NWI Solutions to make contributions to the Fund and to submit to payroll audits. *Id.* ¶ 25. To confirm whether NWI Solutions made the required contributions during the period of January 1, 2021, through the present, Plaintiffs seek an audit of NWI Solutions' payroll records for that period. *Id.* ¶¶ 30–36; *id.* at 7. As for the second entity, NWI Heating, the Complaint does not allege that NWI Heating has its own CBA with the union, but Plaintiffs still seek its payroll records. The reason Plaintiffs seek both entities' records is their belief that NWI Heating is either a successor to NWI Solutions or its alter ego. *Id.* ¶¶ 25–26.

Specifically, Plaintiffs allege that NWI Solutions and NWI Heating are subject to familial control under spouses Melissa and John Lopez and are thus subject to common ownership and control. *Id.* ¶ 23. NWI Solutions' registered agent and single member was Melissa Lopez, and NWI Heating's registered agent and single member is Melissa Lopez's spouse John Lopez. *Id.* ¶ 14, 18, 23. Before October 31, 2023, NWI Solutions was registered with the State of Indiana to transact business under the name "NWI Heating and Air." *Id.* ¶ 19. But on October 31, 2023, NWI Solutions through Melissa Lopez filed a certificate with the State of Indiana canceling the name "NWI Heating and Air." *Id.* ¶ 20. That same day, John Lopez filed a certificate of organization forming the entity "NWI Heating and Air LLC." *Id.* ¶ 22. Eight months later, on June 17, 2024, NWI Solutions formally dissolved. *Id.* ¶ 22. Plaintiffs allege that NWI Solutions formed NWI Heating with the fraudulent intent to avoid its obligations under the CBA. *Id.* ¶ 27.

Plaintiffs allege that the two entities are intertwined, with substantially identical finances and operations. *Id.* ¶ 24. They allege that NWI Heating is a successor to NWI Solutions. *Id.* ¶ 25. Thus NWI Heating has the same obligation as NWI Solutions to contribute to the Fund and submit to payroll audits. *Id.* ¶ 25.

In the alternative, Plaintiffs allege that NWI Solutions and NWI Heating are a single integrated business enterprise and are alter egos operating as a single employer. *Id.* ¶ 26. Plaintiffs also alternatively allege that the entities are joint employers, each bound by the same statutory and contractual duties as the other. *Id.* ¶ 26.

The Complaint further alleges that when the Fund requested Defendants' payroll records, Defendants did not comply despite the CBA's requirement to do so. *Id.* ¶ 30–31. The Fund is thus unable to determine whether Defendants made their required contributions during the relevant period. *Id.* ¶ 32.

The single-count Complaint seeks two things: (1) a judgment ordering Defendants to comply with the Fund's audit requirement; and (2) an award of attorney's fees incurred in the prosecution of this action. *Id.* at 7.

## II.    Procedural History

After the Complaint was filed on December 2, 2024, the case got a late start due to an initial default judgment. Defendants were served with the summons and Complaint on December 6, 2024. DE 3, 4. After they failed to file an answer and no one appeared, on Plaintiffs' motion the Clerk entered default against Defendants on January 3, 2025. DE 6, 7. Plaintiffs then filed a motion for default judgment on January 16, 2025. DE 8. Defendants still did nothing, and the presiding district court judge entered default judgment against them, jointly and severally, on February 5, 2025. DE 9, 10.

The Judgment Order ordered Defendants to comply with Plaintiffs' payroll audit for the period of January 2021 through the present, and to produce all monthly contribution reports for that period and all other records necessary for the audit. DE 9 ¶ 2. The Judgment Order also awarded Plaintiffs attorney's fees of $7,788.48. *Id.* ¶ 3.

4

The day after the Judgment Order entered, Defendants filed a motion to vacate default judgment. DE 11. Defendants' motion, filed by attorney John Norris, represented that Norris had just completed the paperwork to become a member of the bar in this district, and asked the Court to set aside the default judgment and give him time to review discovery, consider a response to the Complaint, and become more familiar with the Federal Rules. DE 11.

The then-presiding District Court Judge referred Defendants' motion to me for a Report & Recommendation. DE 14. I held a hearing on the motion on August 25, 2025. DE 16.

The parties' representations during the August 25 hearing are relevant to the current discovery dispute. At the August 25 hearing, Defendants conceded that Plaintiff was entitled to the payroll audit records of both entities and represented that Defendants would voluntarily give the records to Plaintiffs' auditors. But in Defendants' view, NWI Heating had a meritorious defense that it was not a successor entity or alter ego. Thus Plaintiff was not entitled to attorney fees in this case, or damages in any future case, from NWI Heating. Based partly on that representation of a meritorious defense, I recommended that the presiding judge vacate the default judgment. DE 17. Plaintiffs did not object to the Report & Recommendation, and the presiding judge vacated the default judgment. DE 19. Defendants then answered the Complaint, denying all allegations related to successorship, alter ego, and common control. *See, e.g.*, DE 18 ¶ 23–26.

The Court held a Rule 16 Conference on March 5, 2026, and ordered that discovery would close on the parties' agreed deadline of August 28, 2026. DE 24; DE 21 ¶ 4. The parties consented to my overseeing the entire case. DE 27. Then Plaintiff filed the present Motion to Compel Discovery, which Defendant did not respond to, and the Court held a motion hearing on June 16, 2026. DE 28, 32.

### III. The Present Discovery Dispute

The Court construes Plaintiffs' Motion to Compel Discovery [DE 28] as a Motion for Discovery Ruling pursuant to its standing order on discovery disputes. The Motion asks the Court to: (1) compel Defendants to respond to written discovery and produce documents; (2) find that Defendants have waived objections to the discovery requests, and (3) award attorney's fees and expenses incurred in making the motion. DE 28 at 4.

Plaintiffs' Motion lays out a brief history of partial responses and unfulfilled promises. At the August 25 hearing on the motion to vacate default judgment, before discovery formally began, Defendants represented that they would serve Plaintiffs with both entities' payroll audit records. But when Plaintiffs emailed Defense counsel for the records on October 3, November 6, and December 19, 2025, Defendants did not respond. DE 28 ¶ 5; DE 28-1.

The parties apparently agreed on potential topics of discovery, evidenced by their Rule 26(f) report jointly filed on January 8, 2026. DE 21. The report represented that the parties would exchange initial disclosures by January 16, and that they anticipated discovery on "Defendants' obligation to pay benefit contributions,"

"Defendants' obligation to comply with payroll audits," and "Plaintiff's assertion that Defendants are alter egos and a single employer or, in the alternative, joint employers." DE 21 ¶ 4. Plaintiffs issued written discovery on January 16, 2026, although case management deadlines had not yet been set. DE 28 ¶ 7; DE 28-2; DE 28-3. Plaintiffs' written discovery consisted of Interrogatories, Requests for Admission, and Requests for Production. DE 28 ¶ 7, ¶ 7 n.1. Defendants responded to the Requests for Admission within a month, but to this day have not produced any written response or objection to the Interrogatories or Requests for Production. DE 28 ¶ 8; DE 28-4 at 2. The Interrogatories and Requests for Production include requests for information related to the issues of successorship, alter ego, single employer, and joint employer. *See, e.g.*, DE 28-2 Interrogatory No. 12; DE 28-3 Request Nos. 21, 28.

Nevertheless, Defendants have produced some documents. On March 2, 2026, a few days before the Rule 16 Conference, Plaintiffs' counsel requested written discovery responses. DE 28 ¶ 9. That same day, Defense counsel responded that his client John Lopez promised he would provide all audit records "for both companies by the end of this week." DE 28-4 at 1. Plaintiffs' counsel asked if he also expected to receive documents "relating to the joint liability issue" or just the payroll audit records, to which Defense counsel responded, "Payroll audit first and then the balance of it to follow." DE 28-4 at 1. On March 5, the day of the Rule 16 Conference, Defendants did produce some payroll audit records, and Defense counsel represented that his clients were working on sending all audit records to Plaintiffs' auditors in

the next day or two. DE 28 ¶ 10; DE 28-5 at 2. That evidently did not happen, so on April 6 and May 1, 2026, Plaintiffs listed all outstanding audit records and requested responses to written discovery, but Defendants did not respond. DE 28 ¶ 10; DE 28-5 at 1.

At the March 5, 2026 Rule 16 Conference, Defense counsel represented that his clients were doing their best to get the audit records but were going through some personal issues. (Defense counsel had previously emailed Plaintiff's counsel that John Lopez and his wife were going through a divorce and his "wife was the one who was originally in charge of all the bookkeeping." DE 28-4 at 1.) Plaintiffs represented that once they had the payroll audit records, the case would conclude except for the issue of attorney's fees, which would implicate the issue of successor liability.

At the June 16 hearing on the present motion, the parties stated that the outstanding discovery falls into two categories: (1) the payroll audit records, and (2) discovery related to the successor/alter ego issue. Plaintiffs confirmed they had received only some payroll audit records. Defendants had sent some of the records to Plaintiffs' counsel and some directly to the Fund's auditors, while some were still outstanding. Defense counsel stated they were working on completing the production of payroll audit records, but the successor/alter ego issue was "document-intensive" and not as pressing. The Court asked if Defendants were objecting to the scope of the payroll audit records or just needed more time, to which Defense counsel stated they just needed to the end of June.

Accordingly, as to the first category of payroll audit records, the Court GRANTS Plaintiff's motion and ORDERS that Defendants shall produce all outstanding payroll audit records by June 30, 2026. The parties shall file a joint status report by July 6, 2026, stating whether Defendants have completed this production.

As for the second category of outstanding discovery responses related to the successor/alter ego issue, Defense counsel suggested at the hearing that the discovery requests may be unduly burdensome and not proportional to the needs of the case. In Defendants' view, once all payroll audit records are produced and the audit is completed, the parties will have a damages number to work with regardless of the successor liability issue. But Plaintiffs disagreed, stating that part of the Complaint's requested relief is attorney fees, so the parties need to litigate the successor liability issue now; otherwise, Plaintiffs might end up with an unenforceable judgment against only NWI Solutions, which is dissolved.

This Court takes a pragmatic approach to discovery and needs more concrete information to rule on the present motion as to the second issue. Thus, although Defendants initially failed to object to the discovery requests or respond to the present motion, the Court gives Defendants until June 30, 2026 to file a response brief on the successor/alter ego issue only. If Defendants contend that any of the requests are overbroad or disproportionate to the legal issues or unduly burdensome, they should concretely and specifically explain their position and propose an alternative to the current scope of discovery. Or, if Defendants do not object to proportionality and

burden and simply need more time to respond to discovery requests, the response brief should state so and propose a date for compliance with an explanation as to why that date is reasonable under the circumstances. Plaintiffs shall file a reply brief by July 14, 2026.

### Conclusion

Based on the foregoing, the Court hereby **GRANTS in part** Plaintiffs' Motion to Compel Discovery [DE 28]. On the first issue of payroll audit records, the Court **ORDERS** Defendants to serve Plaintiffs with all outstanding payroll audit records by **June 30, 2026**, and **ORDERS** the parties to file a notice with the Court by **July 6, 2026**, stating whether Defendants have completed the production. On the second issue of successor or alter ego liability, the Court **RESERVES JUDGMENT** on Plaintiffs' Motion to Compel Discovery [DE 28] until briefing is complete. Accordingly, the Court **ORDERS** Defendants to file a response to Plaintiffs' Motion to Compel Discovery [DE 28] by **June 30, 2026**, on the successor/alter ego issue only. Plaintiffs' reply brief is due **July 14, 2026**. The Court will set another status hearing after the briefs are filed.

**SO ORDERED** this 18th day of June, 2026.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT